UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                                      CRIMINAL ACTION NO. 3:18CR-171-DJH

JAMES CARROLL                                                                         DEFENDANT

**UNITED STATES' PROPOSED SUBSTANTIVE JURY INSTRUCTIONS**
*(Filed Electronically)*

      Comes the United States of America, by counsel, Assistant United States Attorney Thomas W. Dyke, and submits the attached proposed substantive jury instructions.

      Respectfully submitted,

      RUSSELL M. COLEMAN
      United States Attorney

      */s/ Thomas W. Dyke*
      Assistant United States Attorney
      717 West Broadway
      Louisville, Kentucky 40202
      (502) 625-7042 (Phone)
      (502) 582-5912 (Fax)

CERTIFICATE OF SERVICE

      On March 5, 2019, I electronically filed this document through the ECF system, which will send a notice of electronic filing to: Hon. Aubrey Williams, Counsel of record for the defendant.

      s/ Thomas W. Dyke
      Thomas W. Dyke
      Assistant United States Attorney

Count 1 - Possession of a firearm by a convicted felon
18 U.S.C. § 922(g)(1)

Count 1 of the indictment charges the defendant with being a convicted felon in possession of a firearm. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First: That the defendant has been convicted of a crime punishable by imprisonment for more than one year. [The government and the defendant have agreed that defendant has previously been convicted of a crime punishable by imprisonment for more than one year.]

Second: That the defendant, following his conviction, knowingly possessed a firearm specified in the indictment.

Third: That the specified firearm crossed a state line prior to the alleged possession. It is sufficient for this element to show that the firearm was manufactured in a state other than Kentucky.

Now I will give you more detailed instructions on some of these elements.

Next, I want to explain something about possession. The government does not necessarily have to prove that the defendant physically possessed the firearm for you to find him guilty of this crime. The law recognizes two kinds of possession--actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict.

To establish actual possession, the government must prove that the defendant had direct, physical control over the firearm, and knew that he had control of it.

To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the firearm, and knew that he had this right, and that he intended to exercise physical control over the firearm at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive possession of the firearm, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

<u>Sixth Circuit Pattern Jury Instructions</u> 2.10, 12.02 (2019) (modified).

7.03 Opinion testimony

You have heard the testimony of an ATF Special Agent Matthew Johnson, who testified as an opinion witness.

You do not have to accept his opinions. In deciding how much weight to give the testimony, you should consider the witness's qualifications and how he reached his conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

<u>Sixth Circuit Pattern Jury Instructions</u> 7.03 (2019) (modified).

7.05a Impeachment of defendant by prior conviction

You have heard that before this trial the defendant was convicted of a crime.

This earlier conviction was brought to your attention only as one way of helping you decide how believable his testimony was.   You cannot use it for any other purpose.   It is not evidence that he is guilty of the crime that he is on trial for now.

<u>Sixth Circuit Pattern Jury Instructions</u> 7.05a (2019)

## 7.17 TRANSCRIPTIONS OF RECORDINGS

You have heard some recorded conversations that were received in evidence, and you were given some written transcripts of the recordings.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned.

<u>Sixth Circuit Pattern Jury Instructions</u> 7.17 (2019)