UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:18CR-00171-DJH

UNITED STATES OF AMERICA                                              PLAINTIFF

VS.

JAMES CARROLL                                                             DEFENDANT

**ORDER**

Defendant James Carroll is charged with one count of Felon in Possession of a Firearm under 18 U.S.C. § 922(g)(1). (DN 1). His trial is scheduled to begin on March 25, 2019. Before the Court is Defendant's Motion to Hire Investigator. (DN 28). District Judge David J. Hale referred this Motion to the undersigned Magistrate Judge "for a hearing, if necessary, and disposition." (DN 30).

Defense counsel seeks to hire Jack King, a retired LMPD police officer and detective, to obtain "certain material" and locate "certain witnesses" necessary for Defendant's upcoming trial. Defense counsel explains that he has been unsuccessful in these efforts but that the investigator has the expertise and resources to do so. Without the assistance of an investigator, Defense counsel alleges that Defendant will not receive a fair trial. Defense counsel estimates that the investigator's services will cost $1,500.00.

Under the Criminal Justice Act, 18 U.S.C. § 3006A(e)(1), counsel for "a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application." But no constitutional right exists for the absolute appointment of an expert, investigator, or other professional that a defendant seeks. *Smith v. Anderson*, 104 F. Supp. 2d 773, 819 (S.D. Ohio Feb. 22, 2000). In *United States v.*

*Gilmore,* the Sixth Circuit adopted a two-pronged standard for requests by indigent criminal defendants for such services under 18 U.S.C. § 3006A(e)(1), which requires a demonstration that: (1) such services are necessary to mount a plausible defense; and (2) without such authorization, the defendant's case would be prejudiced. 282 F.3d 398, 406 (6th Cir. 2002); *see also United States v. Stauffer*, 695 F. App'x 916, 920 (6th Cir. 2017); *United States v. Ickes*, Civil Action No. 1:15-cr-4-GNS, DN 350 (W.D. Ky. Feb. 27, 2018) (denying motion for CJA payment of expert services for failure to identify a purpose of funds or otherwise address the *Gilmore* standard).

In this case, Defendant has not identified the relevant Criminal Justice Act statute or the Sixth Circuit's *Gilmore* criteria. Nor has Defendant filed an ex parte motion explaining the specific necessity of an investigator to adequately present his defense. Defendant's vague assertions that an investigator would obtain certain trial materials and locate witnesses do not establish that such an investigator is necessary for Defendant to mount a plausible defense or that Defendant would be prejudiced absent such authorization.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Hire Investigator (DN 28) is **DENIED without prejudice.**

Regina S. Edwards, Magistrate Judge
United States District Court

March 5, 2019

Copies:   Counsel of Record