UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                              PLAINTIFF

v.                                                                      CRIMINAL ACTION NO. 3:18-CR-171-DJH

JAMES CARROLL                                                                                        DEFENDANT

RESPONSE TO DEFENDANT'S
MOTION FOR BILL OF PARTICULARS
*Filed Electronically*

James Carroll, a convicted felon, was arrested on October 4, 2018, and charged with possession of a firearm by a felon, in violation of 18 U.S.C. 922 § (g)(1). Mr. Carroll has filed a motion to require the United States to file a Bill of Particulars. The United States of America objects to the defendant's Motion for Bill of Particulars and his motion should be denied.

In his motion, the defendant seeks evidentiary detail to which he is not entitled. The Indictment includes each element of the offenses charged and is sufficiently definite to apprise the defendant of the charges against him. Further, the defendant had the benefit of a full preliminary hearing following the filing of the complaint in this case. Finally, the United States has provided discovery, making a bill of particulars unnecessary. See *United States v. Society of Independent Gasoline Marketers*, 624 F.2d 461, 466 (4th Cir. 1980); *United States v. Graham*, 487 F. Supp. 1317, 1320 (W.D. Ky. 1980).

A bill of particulars need not be granted simply because the defendant requests one. The indictment must be so vague that the defendant cannot prepare his case, that there is a danger of ambush at trial, or that defendant would be unable to use the outcome of his first trial to bar a subsequent prosecution on the same charges. *United States v. Birmley*, 529 F.2d 103, 108 (6th

Cir. 1976). A bill of particulars is to be "used as a tool to minimize surprise and assist [the] defendant in obtaining the information needed to prepare a defense and preclude a second prosecution for the same crimes." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993) (citations omitted). The decision to deny a defendant's request is within the sound discretion of this Court. *Graham,* 487 F. Supp. at 1320. See also *United States v. Azad*, 809 F.2d 291, 296 (6th Cir. 1986).

A bill of particulars is not a means of discovery and is "not intended to provide the defendant with the fruits of the government's investigation. Rather it is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his own investigation." *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985) (citations omitted) (emphasis in original). A bill of particulars is "not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *Salisbury*, 983 F.2d at 1375, (citations omitted).

The defendant seeks the following information:

The precise date, time, and location of the offenses charged in Count 1, and the precise manner in which the alleged crime was committed. Count 1 alleges an offense that occurred on or about October 4, 2018. Greater specificity is not required. *United States v. McClure*, 734 F.2d 484, 493 (10th Cir. 1984); *United States v. Matlock*, 675 F.2d 981, 986 (8th Cir. 1982). The defendant is seeking evidentiary detail to which he is not entitled. As to the "when, where, and how" of overt acts not alleged in the Indictment, such a request is "tantamount to a request for 'wholesale discovery of the Government's evidence,' which is not the purpose of a bill of particulars under Fed. R. Crim. P. 7(f)." *United States v. Carlock*, 806 F.2d 535, 550 (5th Cir. 1986); see also *United States v. Giese*, 597 F.2d 1170 (9th Cir. 1979).

The defendant also requests that the United States be required to disclose the names and criminal records of government witnesses. The defendant may not use a bill of particulars to discover this information. *United States v. Largent*, 545 F.2d 1039, 1043-44 (6th Cir. 1976); *United States v. Marks*, 364 F. Supp. 1022, 1029-30 (E.D. Ky. 1973), aff'd, 520 F.2d 913 (6th Cir. 1975), cert. granted, 424 U.S. 942 (1976), rev'd on other grounds, 430 U.S. 188 (1977).

The defendant further requests that the United States be ordered to furnish him with the names and addresses of witnesses, and copies of oral and written statements made by witnesses and/or the Defendant. Defendant is not entitled to these statements until after witnesses have testified at trial. 18 U.S.C. § 3500; *United States v. Algie*, 667 F.2d 569, 571 (6th Cir. 1982); *United States v. Carter*, 621 F.2d 238, 240 (6th Cir. 1980). As for the defendant's own statement, it has been disclosed to defense counsel.

Finally, the defendant requests disclosure of the names and addresses of any persons who actively participated in the matters of which defendant stands accused, and who furnished information to law enforcement officers; and the names and addresses of any persons who participated in, saw, or who are otherwise qualified to testify in court about the commission of the charge in the indictment. The defendant is not entitled to such disclosure:

> Counsel for appellant sought ... to require the prosecution to give the names and addresses of every informer or person relied upon for information and of all persons whom the government expects to call as witnesses at trial. This is not a proper subject for a motion for a Bill of Particulars.

*United States v. Sanders*, 462 F.2d 122, 123 (6th Cir. 1972) (citations omitted) (emphasis added).

The Court should deny the defendant's motion.

Respectfully Submitted,

RUSSELL M. COLEMAN
UNITED STATES ATTORNEY


s/Thomas W. Dyke
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 582-5911
(502) 582-5912 (fax)


CERTIFICATE OF SERVICE

On March 6, 2019, I electronically filed this document through the ECF system, which will send a notice of electronic filing to: Hon. Aubrey Williams, Counsel of record for the defendant.

s/ Thomas W. Dyke
Assistant United States Attorney