UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA					PLAINTIFF

v.					CRIMINAL ACTION NO. 3:18CR-171-DJH

JAMES CARROLL					DEFENDANT

RESPONSE TO MOTION FOR DISCOVERY AND INSPECTION
*(Filed Electronically)*

The defendant, by counsel has filed a Motion for Discovery and Inspection. (DN 23, Page ID#50). The Motion should be denied.

The defendant requests that the Court order the United States to turn over material which he claims is discoverable under Fed. R. Crim. P. 16.[1] To the extent that his motion requests disclosure of material discoverable under Fed. R. Crim. P. 16, the motion should be denied as moot since the United States has already disclosed all discoverable material to the defendant. However, the defendant seeks discovery outside the scope of Rule 16. To the extent the motion requests disclosure of material over and above that which is covered by Fed. R. Crim. P. 16, the United States requests that the motion be denied.

Rule 16 requires the United States to disclose specific categories of evidence to the defense before trial.[2] These categories include

> prior statements of the defendant, the defendant's prior criminal record, documents, photographs, or tangible items, which are within the custody or control of the [United States] and which are material to the defense or intended for use by the [United States] in its case-in-chief at trial or which were obtained from or belong to the defendant, and the results of any mental or physical

---

[1] The motion asks for relief under Rule 26, however the United States assumes that the motion was intended to invoke the provisions of Rule 16.
[2] Under Fed. R. Crim. P. 16, the defendant must first request the disclosure.

>examinations performed on the defendant which are intended for use by the [United States] as evidence in its case-in-chief at trial.

*United States v. Presser*, 844 F.2d 1275, 1284-85 (6th Cir. 1988) (citing Fed. R. Crim. P. 16). Moreover, under Rule 16, the United States is required to make this material available to the defense for inspection and copying. Since the United States has disclosed the discoverable evidence, it has fulfilled its obligation under Rule 16.

In *Presser*, 844 F.2d at 1285, the Sixth Circuit held that "the discovery afforded by Rule 16 is limited to the evidence referred to in its express provisions." Thus, a discovery motion for material that falls outside the scope of Rule 16 should be denied. Accordingly, to the extent the defendant's motion asks for material not covered by Rule 16, the motion must be denied.

The defendant has moved the Court to require disclosure of prospective witnesses' statements. The text of Rule 16, however, does not require disclosure of such statements. In fact, Rule 16(a)(2) specifically exempts the discovery of statements made by government witnesses or prospective government witnesses, except as provided in 18 U.S.C. § 3500. See *United States v. Conder*, 423 F.2d 904, 910 (6th Cir. 1970); *Turner v. United States*, 441 F.2d 736, 739 (5th Cir. 1971).

The defendant also asks for documents such as dispatch logs or other communication, including radio, telephone or electronic communication concerning the offenses, including observations of the defendant, as well as any video tape or audio recording of surveillance by police. The United States is not aware of any such material. The United States acknowledges its continuing duty to provide such material if it is located, and determined to be discoverable under Rule 16.

The Court should deny the defendant's motion.

        Respectfully Submitted,

        RUSSELL M. COLEMAN
        UNITED STATES ATTORNEY

        s/Thomas W. Dyke
        Assistant United States Attorney
        717 West Broadway
        Louisville, Kentucky 40202
        (502) 582-5911
        (502) 582-5912 (fax)

CERTIFICATE OF SERVICE

On March 8, 2019, I electronically filed this document through the ECF system, which will send a notice of electronic filing to: Hon. Aubrey Williams, Counsel of record for the defendant.

        s/ Thomas W. Dyke
        Assistant United States Attorney