UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.                                                        CRIMINAL ACTION NO. 3:18CR-171-DJH

JAMES CARROLL                                                                           DEFENDANT

RESPONSE TO MOTION
FOR EXCULPATORY AND IMPEACHMENT MATERIALS
*(Filed Electronically)*

The defendant, by counsel has filed a Motion for production of Exculpatory and Impeachment Materials. (DN 25, Page ID#58). The Motion should be denied as moot.

The United States recognizes its duties under Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), and will comply with those duties. Under Brady and Giglio there are two general categories of evidence that the United States must disclose: exculpatory and impeaching evidence. "Materials that must be disclosed are those that go to the heart of the defendant's guilt or innocence and materials that might affect the jury's judgment of the credibility of a crucial prosecution witness." Giglio, 405 U.S. at 154.

However, the United States need not disclose the following: (1) evidence available to the defense from other sources; see Carter v. Bell, 218 F.3d 581, 601 (6th Cir. 2000), United States v. Mullins, 22 F.3d 1365, 1370-71 (6th Cir. 1994); (2) evidence the defense already possesses; see United States v. Glover, 846 F.2d 339, 342-43 (6th Cir. 1998); (3) evidence that the United States could not reasonably be imputed to have knowledge of or control over; see United States v. Wilson, 116 F.3d 1066, 1082 (5th Cir. 1997); or (4) evidence that might lead to other evidence. See United States v. Agurs, 427 U.S. 97, 112 n.20 (1976) (rejecting the theory that

"the standard should focus on the impact of the undisclosed evidence on the defendant's ability to prepare for trial, rather than the materiality of the evidence to the issue of guilt or innocence.")

"[T]he prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial." United States v. Bagley, 473 U.S. 667, 675 (1985), quoted in United States v. Presser, 844 F.2d 1275, 1281 (6th Cir. 1988); see also Kyles v. Whitney, 514 U.S. 419, 438 (1995).  The Sixth Circuit in Presser defined the parameters of the United States' duty to disclose:

> [T]he Brady doctrine, in its purest form, is the rule of law that the Due Process Clause is violated when the government achieves a conviction through the use of perjured testimony, e.g., Napue v. Illinois, 360 U.S. 264 . . . (1959), or by withholding a confession of guilt by someone other than the accused, e.g., Brady v. Maryland, or by withholding evidence 'so clearly supportive of a claim of innocence that it gives the prosecution notice of a duty to produce', United States v. Agurs, 427 U.S. 97, 107 (1976).

Presser, 844 F.2d at 1281 (footnote omitted).

Because Brady and Giglio did not create a constitutional right of pretrial discovery in a criminal proceeding, such evidence is not required to be disclosed as pretrial discovery under Rule 16 unless the Brady or Giglio evidence falls under an express provision of Rule 16.  See Presser, 844 F.2d at 1284. Rule 16 relates only to evidence that the United States is required to disclose during pretrial discovery.  See id. at 1281, 1284-85.  Exculpatory and impeaching evidence must be produced "in time for use at trial." Id. at 1285.

It is also well settled that statements of witnesses (Jencks material) need not be disclosed until after the witness testifies.  Id. at 1275.  If a statement constitutes both Brady and Jencks material, Jencks "trumps" Brady and disclosure is not required until after the witness testifies. Id. at 1283; United States v. Bencs, 28 F.3d 555, 561 (6th Cir. 1994).

Any information requested by the defendant must be materially important to warrant disclosure; however, even materially important information need not be disclosed pretrial. United States v. Allain, 671 F.2d 248, 255 (7th Cir. 1982). To uphold the due process rights of the accused, the evidence must be disclosed before it loses its benefit to the defendant. Id. "[T]he Brady doctrine is not violated if Brady material is disclosed in time for its 'effective' use at trial." Presser, 844 F.2d at 1283.

If any exculpatory evidence as defined in Brady and its progeny comes to light, the United States will fulfill its obligation by disclosing such evidence. The purpose of the Brady doctrine is to prevent unfairness at trial, not to assist the defendant in preparing his defense. Id. at 1282-83, 1285. Therefore, so long as the defendant is not prevented from making use of exculpatory or impeaching evidence at trial, the United States has complied with its Brady obligations.

The Court should deny the defendant's motion.

                Respectfully Submitted,

                RUSSELL M. COLEMAN
                UNITED STATES ATTORNEY


                s/Thomas W. Dyke
                Assistant United States Attorney
                717 West Broadway
                Louisville, Kentucky 40202
                (502) 582-5911
                (502) 582-5912 (fax)

CERTIFICATE OF SERVICE

On March 8, 2019, I electronically filed this document through the ECF system, which will send a notice of electronic filing to: Hon. Aubrey Williams, Counsel of record for the defendant.

s/ Thomas W. Dyke  
Assistant United States Attorney