UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                                                 Plaintiff,

v.                                                              Criminal Action No. 3:18-cr-171-DJH

JAMES CARROLL,                                                                            Defendant.

* * * * *

## ORDER

Currently pending before the Court are several motions filed by Defendant James Carroll. Carroll seeks a bill of particulars (Docket No. 24); exculpatory and impeachment materials (D.N. 25); a copy of the grand jury transcript (D.N. 26); and notice of the government's intent to use evidence of other crimes, wrongs, or acts (D.N. 27). Despite the Court's Order to respond (D.N. 29, PageID # 71), the United States only responded to Carroll's motions for bill of particulars (D.N. 24) and grand jury transcript (D.N. 26).

The Order Following Arraignment entered in this case on October 30, 2018, outlines the procedure for disclosures and discovery. (D.N. 17) The Order requires the parties to cooperate concerning discovery and file a motion with the Court only if cooperation breaks down. (*See id.*, PageID # 36-37 (providing that any motion for additional discovery or inspection "shall contain a certification from counsel that informal, extrajudicial efforts to resolve the discovery dispute have taken place and been unsuccessful")) The United States is already obligated to provide much of the information requested by Carroll, and there is no indication that a breakdown in cooperation has occurred. For these reasons and the reasons discussed below, each of Carroll's motions will be denied.

**Motion for Bill of Particulars**

Carroll seeks a bill of particulars containing "[t]he exact location, including the street address, where the alleged crime charged in the indictment took place"; "[t]he exact time and date of the alleged criminal act charged in the indictment"; "[t]he precise manner in which the crime(s) charged is alleged to have been committed"; "[t]he names and addresses of any person(s) who actively participated in the matters of which defendant stands accused and who furnished information to law enforcement officers"; "[t]he names and addresses of any person(s) who participated in, saw, or who are otherwise qualified to testify in court about the commission of the charge in the indictment"; and "[t]he names and addresses of and statements, both written and oral, made by witnesses and/or the Defendant upon which the indictment was founded." (D.N. 24, PageID # 55)

As an initial matter, the Court notes that Carroll's motion is untimely. Rule 7(f) provides that "[t]he defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f). Carroll was arraigned on October 25, 2018 (*see* D.N. 17, PageID # 35); his motion was filed more than sixty days later. (D.N. 24) Carroll did not seek the Court's permission to file outside the period allowed under the rule.

Moreover, Carroll is not entitled to the information he seeks. "The purpose of a bill of particulars is to inform the defendant of the charges against him 'if this is necessary to the preparation of the defense, and to avoid prejudicial surprise at the trial.'" *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008) (quoting 1 Charles Alan Wright, *Federal Practice & Procedure* § 129 (3d ed. 1999)). A bill of particulars is not "a means of learning the government's evidence and theories"; "[a] defendant is not entitled to a bill of particulars if the purpose of the bill is to obtain a list of the Government's witnesses or to discover all of the overt

acts that might be proven at trial." *Id.* (citations omitted). Likewise, the United States is not "required to furnish the names of all other co-conspirators." *Id.* (citing *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004)). And witness statements need not be provided until after the witness testifies at trial. 18 U.S.C. § 3500(a).

In response to Carroll's motion, the government states that the "Indictment includes each element of the offenses charged and is sufficiently definite to apprise the defendant of the charges against him." (D.N. 36, PageID # 94) It further represents that "the defendant had the benefit of a full preliminary hearing" and that it "has provided discovery." (*Id.*) There is no indication that the materials provided in discovery are insufficient for Carroll to prepare his defense or avoid prejudicial surprise. *See Musick*, 291 F. App'x at 724. Indeed, during a recent status conference, counsel confirmed that discovery was complete. (D.N. 29) The Court thus finds no grounds for directing the United States to file a bill of particulars.

**Motion for Production of Exculpatory and Impeachment Materials**

Carroll's motion for production of materials pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972) (D.N. 25), is also superfluous, as the motion seeks evidence the government is already obligated to provide and the Order Following Arraignment sets out the procedure for disclosure. (D.N. 17, PageID # 36) While the United States did not respond to this motion, the Court expects the United States to comply with all *Brady* and *Giglio* requirements. Should the United States fail to meet its obligations, the Defendant may revisit these issues.

**Motion for Grand Jury Transcript**

Carroll requests a copy of the grand jury transcript or audio recordings of the grand jury proceedings solely on the ground that "he needs the transcript to assist in the preparation of his

defense." (D.N. 26, PageID # 61)  As noted in the United States' response (D.N. 37, PageID # 99), this conclusory assertion falls far short of the showing of "compelling necessity" and "particularized need" required to breach the secrecy of grand jury proceedings.  *In re Grand Jury Proceedings*, 841 F.2d 1264, 1268 (6th Cir. 1988) (quoting *United States v. Procter & Gamble*, 356 U.S. 677, 681-82 (1958)).  The Court declines to direct the United States to provide the requested material.

**Motion for Notice of Intent to Use Evidence**

Carroll asks that the Court order the United States to give written notice of its intent to use evidence of his other crimes, wrongs, or acts.  (D.N. 27)  The government has not responded to this motion.  In any event, the Order Following Arraignment outlines the procedure for requesting notice of intent to use Rule 404(b) evidence; no motion was necessary.  (*See* D.N.17, PageID # 36)  The United States shall comply with Rule 404(b)(2)(A) and (B) should it plan to utilize such evidence.

**Conclusion**

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     The Motion for Bill of Particulars (D.N. 24) is **DENIED**.

(2)     The Motion for Production of Exculpatory and Impeachment Materials (D.N. 25) is **DENIED** as moot.

(3)     The Motion for Grand Jury Transcript (D.N. 26) is **DENIED**.

(4) The Motion for Notice of Intent to Use Evidence (D.N. 27) is **DENIED** as moot. As outlined in the Order Following Arraignment (D.N. 17), the United States shall provide notice in advance of trial if it intends to use Rule 404(b) evidence.

(5) Counsel are **DIRECTED** to carefully consult the Order Following Arraignment before filing any future discovery-related motions with the Court.

March 8, 2019

**David J. Hale, Judge**
**United States District Court**