UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                                              CRIMINAL ACTION NO. 3:18CR-171-DJH

JAMES CARROLL                                                    DEFENDANT

RESPONSE TO MOTION TO SUPPRESS
*(Filed Electronically)*

The defendant, by counsel, has filed a Motion to Suppress Evidence. (DN 46, Page ID#195). Mr. Carroll claims that his Fourth Amendment rights were violated when he was arrested without probable cause, and that as a result, the firearm that was seized from a stolen motorcycle must be suppressed. The Defendant's Motion is without merit and should be denied.

BACKGROUND

Sometime during the month of August, 2018, a building belonging to a former federally-licensed firearms dealer ("FFL") located at 13303 Dixie Highway was burglarized. The perpetrators stole a large number of firearms over a period of several days. After the burglary was discovered, agents from the bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and detectives from Louisville Metro Police Department ("LMPD") began to investigate. Some of the stolen firearms have been recovered, but many have not.

On October 3, 2018, ATF agents received information that the defendant and other individuals were in possession of firearms stolen in the burglary from a residence at 13304 Ashlawn Drive, Louisville, Kentucky. While conducting surveillance on the residence, LMPD Detective Jon Herring saw a man (later identified as the defendant, James Carroll) leave the

house, walk over to a three-wheeled motorcycle parked in the driveway, then return to the residence. Once ATF agents arrived on the scene, they, along with Detective Herring received permission from the owner of the residence to search the house. During the search of the residence, Detective Herring encountered Mr. Carroll sitting on the bed in a small bedroom and recognized him as the man who walked from the house to the motorcycle and back. Detective Herring noticed a number of knives laying out on the furniture in the room, as well as tools such as screwdrivers on the bed. Detective Herring placed Mr. Carroll in handcuffs as a safety precaution due to the presence of the knives in the room, and the possibility that there were firearms in the house. Detective Herring then asked him his name, and confirmed that he was in fact the defendant, James Carroll.

Detective Herring had previously determined that Mr. Carroll was wanted on several outstanding warrants. Detective Herring removed Mr. Carroll from the bedroom and brought him into the living room where Mr. Carroll could sit down. At one point, Detective Herring asked Mr. Carroll if there was a warrant outstanding for him, and Mr. Carroll responded that he believed there was. Detective Herring left Mr. Carroll in handcuffs since he planned on arresting Mr. Carroll on the outstanding warrants.

Once the house was secured, Detective Herring and the ATF agents searched the house for firearms but did not locate any. As they were leaving, the investigators asked Mr. Carroll for permission to look inside the storage compartment of the motorcycle parked in front of the house. Inside the rear storage compartment of the motorcycle, the agents discovered the firearm specified in the indictment. Mr. Carroll was arrested and charged with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). After he was arrested, the defendant was transported to the LMPD Third Division office, where he was advised of his Miranda rights

and interviewed. Since Mr. Carroll was taken into federal custody, the state warrants were not served that evening.

## ARGUMENT

In his motion, Mr. Carroll claims that the firearm must be suppressed because his Fourth Amendment rights were violated because he was arrested without probable cause. The burden of proof is on a defendant seeking to suppress evidence for violation of a constitutional right, *United States v. Rodriguez–Suazo,* 346 F.3d 637, 643 (6th Cir. 2003). Mr. Carroll has not met his burden. The police acted reasonably when they detained Mr. Carroll after they encountered him in a small bedroom with knives and other possible weapons within reach. Handcuffing an individual for officer safety while the officer is pursuing legitimate investigatory means is particularly reasonable where officers are investigating the possession of firearms, and where, as here, Mr. Carroll had easy access to knives and other objects that could potentially be used as weapons. Numerous cases support a law enforcement officer's decision to handcuff a suspect to ensure officer safety during an investigative stop, and Detective Herring's decision to do so did not convert the permissible brief detention of Mr. Carroll into a de facto arrest. *See United States v. Marxen,* 410 F.3d 326 (6th Circuit 2005) ("reasonable precautions" necessary for officer safety include placing a suspect in handcuffs); *United States v. Hurst*, 228 F.3d 751 at 758 n.3 (6th Circuit 2000) ("the officers' attempt to use handcuffs as a precautionary measure to secure their safety" was reasonable and proper during vehicle stop); *Houston v. Clark County Sheriff Deputy John Does 1-5,* 174 F.3d 809, 815 (6th Cir. 1999) (officers properly drew their guns and handcuffed defendants who were reasonably suspected of being involved in a shooting).

The defendant also had an outstanding warrant for his arrest, which justifies Detective Herring's decision to detain Mr. Carroll in handcuffs. Certainly, the presence of an arrest

warrant for Mr. Carroll negates any argument that Mr. Carroll was unlawfully detained. Detective Herring had recently checked and determined that Mr. Carroll had a warrant outstanding for his arrest. When asked, Mr. Carroll confirmed that he did have an outstanding warrant. Mr. Carroll was properly detained during the investigation at the residence on Ashlawn.

During the investigation, police discovered a firearm in the storage compartment of the three-wheeled motorcycle parked in the driveway of the residence. The motorcycle was in fact stolen, but the owner had not yet reported the theft because she mistakenly believed she needed the information about the motorcycle, such as the VIN number and license number, before she could file a report. In any event, Mr. Carroll acknowledges in his motion that he had no reasonable expectation of privacy in the location where the firearm was located, and thus no standing to contest the search.

## CONCLUSION

The Court should deny the defendant's motion.

Respectfully Submitted,

RUSSELL M. COLEMAN
UNITED STATES ATTORNEY


s/Thomas W. Dyke
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 582-5911
(502) 582-5912 (fax)

4

<u>CERTIFICATE OF SERVICE</u>

On March 19, 2019, I electronically filed this document through the ECF system, which will send a notice of electronic filing to: Hon. Aubrey Williams, Counsel of record for the defendant.

<u>s/ Thomas W. Dyke</u>
Assistant United States Attorney