UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                                    Plaintiff

v.                                                                 Criminal Action No. 3:18-CR-171-DJH

JAMES CARROLL                                                                                Defendant

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE**

The United States has filed notice of its intent to introduce certain evidence under Federal Rule of Evidence 404(b) in the trial of this case, to wit: the burglary of a building owned by a former federally-licensed firearms dealer ("FFL") located at 13303 Dixie Highway ("Biff's Warehouse") during the month of August 2018. Said evidence is irrelevant and immaterial, and would unduly prejudice the jury against the Defendant for at least two reasons. First, the Defendant was indicted for allegedly possessing a firearm by a convicted felon. He was not indicted for burglarizing or possessing a firearm taken during the burglary or conspiring with others for the purpose of same.

Second, and more important, the firearm that he allegedly possessed was not connected in any manner whatsoever to the crime that was being investigated. As counsel for the United States correctly states, the LMPD officer (Detective Herring) saw him walk out of the house and look inside the storage compartment of the motorcycle and return to the house. Sometime after that, the government agents seized the weapon. Neither through their exhaustive interrogation of the Defendant, apparently while he was in custody and before he was Mirandized, nor, one has to conclude, their records investigation, yielded or produced any information connecting the gun to the Biffs burglary. Furthermore, the fact that Carroll knew, observed, handled, and postured

himself as agreeing to sell some of the guns, with no intention of doing so (a fact that is arguably corroborated by Detective Herring and Agent Sanchez)[1] is insufficient to satisfy the demands of 404(2)(b).

Accordingly, Defendant's Motion in Limine should respectfully be granted.

## ARGUMENT

The Government offers no authority whatsoever of similar or comparable behavior as constituting prior acts and other crimes as the principle is understood under 404(2)(b) that would allow it to introduce the evidence that it seeks to impute to Carroll. Character evidence and other evidence of crimes, wrongs, or prior acts are generally inadmissible to prove a defendant's propensity towards committing an alleged offense. The United States argues that 1) Carroll's knowledge of the burglary, 2) his familiarity with and affection for firearms, and 3) his feigned agreement to sell some of the stolen firearms is evidence that he specifically had knowledge that the firearm was in the motorcycle compartment and that he intended to possess it (Government's Notice of Intent at 2).

The Government's argument is a tautological absurdity.  In short, they assert that it is true by its form alone, i.e., it is true because we say it is true.  Consider first number 1) above. The whole neighborhood and beyond, including the many visitors to Whitaker's house on Ashlawn had knowledge of the burglary. That does not make them complicit in the burglary.  With respect to 2), vast is the love and affection for guns in this community and beyond, including those who visited Whitaker's residence during the several periods of surveillance, not just the one on October 3, 2018.  That does not make them complicit in the burglary.  Finally, with respect to 3), Carroll's feigned agreement, which the agents themselves do not dispute, was neither a crime nor

---

[1] Please see Defendant's Motion to Suppress (DN 46), and the tape recorded interrogation of Carroll, specifically the closing comments by Herring and Sanchez.

intrinsic or "extrinsic" evidence of criminal activity. "Other act" evidence is "intrinsic" when the evidence of the other act and the evidence of the crime charged are "inextricably intertwined" or both acts are part of a "single criminal episode" or the other acts were "necessary preliminaries to the crime charged. *United States v. Williams*, 900 F.2d 823 (5th Cir. 1990) (noting the distinction between 404 (b) evidence and intrinsic offense evidence). See *United States v. Torres*, 685 F.2d 921,924 (5th Cir. 1982).

      The abbreviated facts in *Williams* involved the shipment of drugs from fictitious addresses in Los Angeles to addresses in New Orleans, culminating in the final shipment that led to the indictment of Williams. A total of nineteen mailings occurred from January to March. The final package in the series referred to in the indictment was addressed to Defendant Williams on March 7, 1989. A search of his car contained a notebook with the address of one of the shipments in the series. Williams was indicted for the March 7 shipment. The district court granted his motion to exclude the nineteen previous shipments.

      Reversing, the Fifth Circuit noted that the district court correctly found that the other acts evidence sought to be presented did not constitute intrinsic evidence because the various mailings were distinct events none of which depended on the other. It held, however, that the nineteen previous mailings were admissible as extrinsic evidence to show that the defendant had knowledge of the contents of the package and intent to perpetrate the crimes charged in the indictment (emphasis added).

      In the case at bar, the knowledge that Carroll had of the Biff burglary was no more than that which the general public at large possessed. Second, and more important, unlike the defendant in *Williams*, the Government has no evidence that connects him with the burglary. His handling, touching, and marveling over the guns that were in Whitaker's house does not create a

nexus between him and the prior crime, namely, the burglary.  Equally, if not more importantly, there is no connection between the guns in the motorcycle compartment, on which the indictment is grounded, and the guns taken in the burglary of Biffs " necessary preliminaries to the crime charged," i.e., Possession of a Firearm by a Convicted Felon.  Please see *Williams* at 825.

WHEREFORE, for the foregoing reasons and in the interest of justice the Defendant prays entry of the attached order.

Respectfully Submitted,

 / s / Aubrey  Williams
AUBREY WILLIAMS
One Riverfront Plaza Suite 1708
401 West Main Street
Louisville, KY  40202
(502) 581-1088
FAX: 581-0478
E: aubreyw8243@bellsouth.net
***Counsel for Defendant***

### CERTIFICATE OF SERVICE

It is hereby certified that this document was filed with the Clerk via the Court's CM/ECF filing system on this 18th day of March, 2019, which will send electronic notification of such filing to the Assistant United States Attorney listed below on even date:

Hon. Thomas W. Dyke
717 West Broadway
Louisville, KY  40202
*Counsel for Plaintiff, USA*

  / s / Aubrey Williams