UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA, Plaintiff,

v. Criminal Action No. 3:18-cr-171-DJH

JAMES CARROLL, Defendant.

\* \* \* \* \*

## ORDER

Defendant James Carroll is charged with possessing a firearm as a convicted felon. (Docket No. 9)  The firearm in question was recovered during a search of a motorcycle storage compartment that Carroll had been observed opening.  (D.N. 46-1, PageID # 198)  Carroll has moved to suppress "the gun seized from the motorcycle" because "the officers lacked probable cause" for his arrest.  (*Id.*, PageID # 202, 204)  Despite filing his motion more than thirty days late, Carroll did not seek leave to file out of time or acknowledge the tardiness of his motion. (*See* D.N. 21, PageID # 47)  Further, the evidence Carroll seeks to suppress is not newly discovered and he has not otherwise demonstrated good cause for the untimely filing. Accordingly, the Court will deny Carroll's motion to suppress.

Even if Carroll's motion were timely, it would fail for multiple reasons.  A search conducted pursuant to voluntary consent is a well-recognized exception to the Fourth Amendment's probable cause and warrant requirements.  *United States v. Worley*, 193 F.3d 380, 385 (6th Cir. 1999) (citing *United States v. Watson*, 423 U.S. 411, 427 (1976)).  Carroll's motion twice states that Carroll consented to the search of the motorcycle's storage compartments. (D.N. 46-1, PageID # 198, 202)  Carroll does not allege, and nothing in the record suggests, that his consent was involuntary or coerced.  Because Carroll voluntarily consented to the search that

1

resulted in seizure of the gun, the legality of his arrest cannot serve as grounds for suppression of the gun. *See Worley*, 193 F.3d at 385.

Carroll contends that his consent "is of no effect" because "he had no possessory interest, actual, constructive, or otherwise, in the [motorcycle]." (D.N. 46-1, PageID # 202) However, Fourth Amendment rights are personal rights. *Rakas v. Illinois*, 439 U.S. 128, 133 (1978) (citing *Brown v. United* States, 411 U.S. 223, 230 (1973)). A person who is aggrieved by a search "only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." *Id.* at 134. Carroll cannot have his cake and eat it too: if, as he contends, he has no ownership or possessory interest in the motorcycle, then he does not have standing to object to the introduction of evidence resulting from a search of the motorcycle. *Id.*; *see also Alderman v. U.S.*, 394 U.S. 165, 174-75 (1969). Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Carroll's motion to suppress (D.N. 46) is **DENIED**.

March 19, 2019

**David J. Hale, Judge**
**United States District Court**