UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Criminal Action No. 3:18-CR-171-DJH |
| v. | ) | |
| | ) | |
| JAMES CARROLL, | ) | |
| | ) | |
| Defendant | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Comes Defendant James Carroll, by counsel, pursuant to the Court's Order of April 30, 2019, and Rule 32 (C)(4)(A) of the Federal Rules of Criminal Procedure, and submits the following Sentencing Memorandum:

**INTRODUCTION**

On October 4, 2018, a criminal Complaint was filed charging Carroll with the offense of felon in possession of a firearm. Thereafter on March 8, 2019, he was charged by Information with Misprision of a Felony for failing to report a violation of 18 U.S.C.§4(1), namely, the theft of a firearm moving or which has moved in interstate commerce.

On March 28 , 2019, following a lengthy hearing on a motions to suppress and in limine, Carroll entered a plea of guilty credit time served pursuant to Rule 11 (c)(1)(C) i.e, the government agrees that a specific sentence or the sentencing range is the appropriate disposition, or that a particular provision in the Sentencing Guidelines, or policy statement, or sentencing

factor does not apply for a sentence of "credit time served." Such a recommendation binds the Court once the Court accepts the plea agreement.

### PERSONAL BACKGROUND

Mr. Carroll is a divorced father of two, a 15 year old son, and a 19 year old daughter, who is a scholarship student at one of this state's universities. Carroll attended Pleasure Ridge Park to the tenth grade and obtained his GED in 1998. He restores cars and repairs automobiles and motorcycles. He has jobs in those areas lined up when he is released.

### RELEVANT FACTS

On the day of his arrest, Carroll was visiting a friend on Ashlawn Drive which was across from Biff's Warehouse from which a large number of firearms were stolen. The individuals who had burglarized Biff's, had at various intervals brought and removed some of those guns. On occasion, Carroll was present and observed the guns. One of the burglars asked him to help sell the guns and he agreed. However, he did not attempt to sell any of the guns. On the day of his arrest, he was seen peering in the back compartment of a motorcycle that was ridden to the house by one of the apparent burglars. The compartment contained a blown up gun. As a result, he was arrested and charged with Felon in Possession of a Firearm. He was interrogated by law enforcement officers at the scene and admitted to this limited involvement.

### A REASONABLE SENTENCE

The Court's order essentially directs the parties to address the question of what would be a reasonable sentence under the facts of this case. As a matter of practice, such orders prompt one to turn to turn to *United States v. Booker*, 125 S.Ct. 738 (2005). *Booker* directs a sentencing court to 18 U.S.C.A. §3553(a)(4) (Supp. 2004), which permits the court to tailor the sentence in

light of other statutory concerns as well. *Booker* at 757. Thus, under *Booker,* sentencing courts must treat the Guidelines as just one of a number of sentencing factors set forth in 18 U.S.C.A 3443(a). The Sixth Circuit has held that a guideline range is not per se reasonable, stating that such per se test is not only inconsistent with reasonableness, but it is also inconsistent with the Supreme Court's decision in *Booker*, "as such a standard would effectively re-institute mandatory adherence to the guidelines." *United States v. Webb*, 403 F3d 373 (6th Cir. 2005).

18 U.S.C.A. § 3553 reads in relevant part as follows:

(a) The court shall impose a sentence, sufficient but not greater than necessary to comply with the purposes set forth in paragraph (2) of this subsection:

   (1)   The nature and circumstances of the offense and the history and characteristics of the defendant,

   (2)   The need for the sentence imposed,

   (A)   to reflect the seriousness of the offense,

   (B)   to afford adequate deterrence to criminal conduct,

   (C)   to protect the public the public from further crimes by the defendant.

It is submitted that the agreed upon sentence in this case reflects, captures, and takes into account virtually in their entirety the foregoing criteria mandated by Congress and the United States Supreme Court.

Accordingly, this Honorable Court is respectfully urged to accept and impose the sentence agreed upon by the parties.

Respectfully Submitted,

/s/   Aubrey  Williams
AUBREY WILLIAMS
One Riverfront Plaza, Ste. 1708
401 West Jefferson Street
Louisville, KY  40202
Tel:    (502) 581-1088
Fax:    (502) 581-0595
Aubreyw8243@bellsouth.net
**Counsel for Defendant**

## CERTIFICATE OF SERVICE

It is hereby certified that on July 10, 2019 the foregoing Sentencing Memorandum was filed with the Clerk of the Court via the CM/ECF filing system, which will send notification of same on even date to Honorable Thomas Dyke, Assistant United States Attorney, 717 West Broadway, Louisville, KY 40202.

/ s /  Aubrey Williams