UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                                               CRIMINAL ACTION NO. 3:18CR-171-DJH

JAMES CARROLL                                                                                DEFENDANT

SENTENCING MEMORANDUM
*(Electronically Filed)*

The United States of America, by counsel, Assistant United States Attorney Thomas W. Dyke, files its sentencing memorandum in this action currently scheduled for July 22, 2019.

FACTUAL BACKGROUND

In August 2019, Louisville Metro Police detectives and agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") began investigating the theft of a large number of firearms from a building owned by a former federally-licensed firearms dealer. During the burglary, a large number of firearms was stolen. On several occasions, the burglars took loads of the stolen firearms to a residence located at on Ashlawn Drive, which was in close proximity to the building which had been burglarized. Mr. Carroll was present at the residence on Ashlawn Drive when these individuals brought stolen firearms to the residence. Mr. Carroll knew that the firearms were stolen.

One of the individuals involved in the theft of the firearms left a number of firearms with Mr. Carroll at the Ashlawn Drive residence Mr. Carroll to sell, but Mr. Carroll told agents during questioning that he only told the individual he would sell the firearms to get the individual to leave him (Carroll) alone. He denied ever selling any of the stolen firearms, and there is no evidence that he did. Mr. Carroll concealed and failed to make known to the appropriate person

his knowledge of the burglary of the building and the theft of the firearms. All of the firearms were manufactured outside the Commonwealth of Kentucky and had, therefore, traveled in interstate commerce.

Mr. Carroll was originally charged in an Indictment returned on October 17, 2018, with possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). On March 28, 2019, a Superseding Information was filed charging Mr. Carroll with misprision of a felony in violation of 18 U.S.C. § 4. Mr. Carroll pled guilty to the Superseding Information pursuant to a written Rule 11(c)(1)(C) plea agreement. The plea agreement contained a promise by the United States to recommend a sentence of time served in custody.

## OFFENSE OF CONVICTION AND STATUTORY SENTENCING PROVISIONS

A conviction for a violation of 18 U.S.C. § 4 carries a maximum term of imprisonment of 3 years, a potential maximum fine of $250,000, and a term of supervised release of up to 1 year. 18 U.S.C. § 3583(b)(2). A special assessment of one hundred dollars is mandatory. 18 U.S.C. § 3013.

## OFFENSE LEVEL CALCULATION

The United States agrees with the guideline offense level calculation of 16, as determined by the United States Probation Office (DN 63 PSR, ¶ 25, Page ID #337).

## CRIMINAL HISTORY

The United States agrees with the criminal history calculation prepared by the United States Probation Office of a Criminal History Category III. (Id. at ¶ 39, Page ID# 341).

## APPROPRIATE SENTENCE

Based upon a total offense level 16 and a criminal history category III, the advisory guideline imprisonment range is 27 to 33 months, which falls in Zone D of the Sentencing Table. The Court must impose a sentence for Mr. Carroll which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). That section directs courts to consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–
    . . .

(5) any pertinent policy statement--
    . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

The offense of conviction, misprision of a felony, in and of itself, is not an overly serious crime, and is punishable by up to 3 years imprisonment and a fine 0f $250,000, and up to a year of supervised release. By the date of sentencing, Mr. Carroll will have spent nine months and 19 days in custody in a local jail facility.

The lengthy sentence of 27-33 months suggested by the guidelines is the function of a 6-level increase in Mr. Carroll's base offense level because of Mr. Carroll's conviction for complicity to trafficking in a controlled substance in the second degree in Bullitt County Circuit Court under case number 14-CR-315.  This felony drug trafficking conviction resulted not in any jail time, but in a disposition of two years of diversion, which Mr. Carroll completed successfully after performing 50 hours of community service.  Without this disposition, Mr. Carroll's base offense level would be 14 under USSG § 2K2.1(a)(6), instead of 20 pursuant to USSG § 2K2.1(a)(4)(A).  Minus the 6-level increase for a diversionary disposition, the guideline sentencing range would be 10-16 months, in zone C of the sentencing table.

All of Mr. Carroll's convictions fall into one of three categories:  1) those involving distribution or possession of a controlled substance; 2) failure to pay child support, and; 3) driving without an operator's license in his possession.  Significantly, none of his convictions involve firearms or violence.  The PSR reflects that there are active warrants for pending charges in Jefferson County that the defendant will have to answer to once he is out of federal custody.  (Id. at ¶¶ 34-53, 41-42, Page ID## 340-342).

As noted in the PSR, Mr. Carroll appears to have marketable job skills and a solid work history.  (Id. at ¶ 64, Page ID# 346). Although he had to drop out of high school to work and support himself, he obtained a GED in 2001.  (Id. at ¶¶ 54-55, Page ID# 345).

The Court is urged to respect the plea agreement and impose a sentence of time served in custody, followed by a 1-year term of supervised release including the special conditions of supervision described in paragraph 80 of the PSR in order to help Mr. Carroll avoid the use of controlled substances which are clearly having a significant deleterious effect on his lifestyle.

## CONCLUSION

For the reasons set forth above, the United States respectfully requests the Court to impose a sentence of time served in custody for Mr. Carroll.

Respectfully submitted,

RUSSELL M. COLEMAN
United States Attorney


/s/ Thomas W. Dyke
Thomas W. Dyke
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky 40202
PH: (502) 625-7042
FAX: (502) 582-5912


## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

/s/ Thomas W. Dyke
Thomas W. Dyke
Assistant U.S. Attorney